IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS H., CELIA H., and REX H., | No. C 18-06708 WHA |
| Plaintiffs, | |
| v. | |
| CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA, erroneously sued as BLUE SHIELD OF CALIFORNIA, | **ORDER DENYING MOTION TO DISMISS** |
| Defendant. | |

## INTRODUCTION[1]

In this ERISA action, parents seek recovery of benefits and equitable relief from defendant insurance company for their child's medical care at a residential mental health facility. Defendant moves to dismiss plaintiffs' complaint. For the reasons set forth below, defendant's motion is **DENIED**.

## STATEMENT

Plaintiff Dennis H. participates in a group health plan administered by defendant Blue Shield of California. His wife, Celia, and minor son, Rex, are beneficiaries of the plan. All three are plaintiffs in this action. Plaintiffs seek recovery of benefits under ERISA and equitable

---

[1] The operative complaint, as well as both plaintiffs' and defendant's briefing, lists "Blue Shield of California" as the defendant in the caption. Counsel for defendant has clarified that the proper party is "California Physicians' Service dba Blue Shield of California." Plaintiffs have neither objected nor responded. This order accordingly reflects defendant's proper name.

relief, including restitution, under the Mental Health Parity and Addiction Equity Act for Rex's treatment at a residential mental health facility (Dkt. No. 15 at ¶¶ 1, 2).

According to the complaint, Rex received medical care and treatment at a licensed residential mental health facility in the state of Utah from August 2015 until June 2016. Blue Shield denied coverage on the basis that the treatment was not medically necessary. In December 2016, Celia appealed the denial. Blue Shield denied the appeal for a few reasons, including: (i) no prior authorization for the health service had been received as required under the plan and (ii) the medical necessity of the treatment at a residential level of care had not been established. A subsequent appeal yielded another denial for the stated reason that the benefits had not been medically necessary (*id*. at ¶¶ 18–19, 21–22, 29).

Having exhausted their appeal obligations under the terms of the plan, plaintiffs bring this action alleging two causes of action against Blue Shield. *First*, under 29 U.S.C. § 1132(a)(1)(B), that Blue Shield violated the terms of the ERISA Plan by failing to provide coverage for what plaintiffs contend was necessary medical treatment. *Second*, under 29 U.S.C. § 1132(a)(3), that Blue Shield violated the Paul Wellstone and Pete Domenici Mental Health Parity and Addiction Equity Act of 2008, codified at 29 U.S.C. § 1185a, which restricts certain limitations on coverage of mental health treatments.

Plaintiffs seek recovery of benefits under *both* ERISA *and* the Parity Act for the expenses for the program in full (which exceeded $374,000). In addition, plaintiffs seek a litany of other equitable relief under the Parity Act such as "[a] declaration that the actions of the [d]efendant violates" the Parity Act and "[a]n injunction ordering the [d]efendant to cease violating [the Parity Act]" (*id*. at ¶¶ 30–35).

**ANALYSIS**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

### I. INCORPORATION-BY-REFERENCE.

Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under FRCP 12(b)(6). *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). As such, if on a motion to dismiss under FRCP 12(b)(6) "matters outside the pleading are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FRCP 12(d).

Still, a document can be incorporated into a complaint without triggering FRCP 12(d). A "defendant may seek to incorporate a document into the complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). A document is the basis of plaintiff's claim when the claim necessarily depends on the document. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). In ERISA actions, employee health plans may be incorporated into the complaint "[b]ecause [a plaintiff's] claims rest on his membership in [the company's] plan and on the terms of the plan," so, "documents governing plan membership, coverage, and administration are essential to his complaint." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds as recognized in Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 66, 681–82 (9th Cir. 2006).

The ERISA plan here is referred to throughout the complaint and the recovery of its benefits forms the basis of the plaintiffs' claims. Plaintiffs, moreover, do not challenge the plan's authenticity — even quoting from the plan in their opposition brief. See *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). This order therefore incorporates by reference into the complaint Exhibit 1 to the Joseph Laska Declaration (the Shield Spectrum PPO Plan between Evans Hardy and Young Inc and Blue Shield of California Life & Health Insurance Company), without converting this motion to dismiss into a motion for summary judgment (Dkt. No. 27-1).

### II. RECOVERY OF BENEFITS UNDER ERISA PLAN.

ERISA permits a plan participant or beneficiary to bring a civil action "to recover benefits due to him under the terms of the plan" and "to enforce his rights under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). The plan at issue here required that "[a]ll Inpatient Mental

3

Health Services except for Emergency Services, *must be prior authorized* by the Mental Health Service Administrator (MHSA)" (Dkt. No. 27-1, Exh. 1, at p. B-30) (emphasis added). Plaintiffs' opposition brief confirms that plaintiffs did not secure any preauthorization here.

Yet, even if no preauthorization occurred for inpatient mental health services, the plan notably did not categorically bar recovery or automatically deny coverage. Instead, the plan specifically still left the possibility of recovery open. The plan provided that "failure to follow the recommendations of the Plan will result in non-payment by the Plan or the MHSA *if it is determined that the admission is not a covered Service*" (*id*. at p. B-31) (emphasis added). That is, "[i]f prior authorization is not obtained for a non-emergency inpatient Mental Health Hospital *. . . and the services provided to the member are determined not to be a Benefit of the plan, or were not medically necessary, coverage will be denied*" (*id*. at p. B-43) (emphasis added).

It is therefore evident, that in seeking mental health benefits under the terms of the plan, the lack of preauthorization is not determinative. What is determinative, is both whether the service is covered and medically necessary. As the lack of preauthorization here has not foreclosed recovery under the plan, plaintiffs have sufficiently brought their first claim for relief under 29 U.S.C. § 1132(a)(1)(B).

Blue Shield avers that preauthorization is a condition precedent and because it has not been satisfied, the complaint should be dismissed under FRCP 9(c) (which provides that plaintiffs must plead "all conditions precedent have occurred or been performed"). As stated, however, it is plausible that preauthorization is not required for recovery of benefits under the plan. As such, it cannot be a condition precedent here. Plaintiffs' first claim for relief may proceed.

### III. EQUITABLE RELIEF UNDER THE PARITY ACT.

The complaint also seeks equitable relief under 29 U.S.C. § 1132(a)(3) for Blue Shield's alleged violation of the Paul Wellstone and Pete Domenici Mental Health Parity and Addiction Equity Act of 2008, codified at 29 U.S.C. § 1185a. Our court of appeals in *Moyle v. Liberty Mut. Retirement Ben. Plan* specified that "§ 1132(a)(1)(B) and § 1132(a)(3) claims may proceed

4

simultaneously so long as there is no double *recovery*." 823 F.3d 948, 961 (9th Cir. 2016) (collecting cases) (emphasis added).

It remains to be seen whether plaintiffs will prevail on the merits of their first claim for relief. If they do not, any recovery under the second claim for relief would not be duplicative. Further, even should plaintiffs prevail on the merits under both causes of action, *equitable restitution* (one of the remedies sought here under Section 1132(a)(3)), for example, would likely be reduced in the face of a recovery in damages (the remedy sought here under Section 1132(a)(1)(B)). "[W]here Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.' " *Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996).

As such, it is exceedingly premature at this stage to engage in a battle over whether or not a specific equitable remedy is appropriate. These arguments as to the appropriate nature of specific remedies are much more appropriately asserted at a later stage, when the specter of injunctive relief looms larger. Blue Shield is invited to re-assert these arguments at that time. At this point, the claim for relief alleging that Blue Shield violated the Parity Act itself has been plausibly alleged and may proceed.

## CONCLUSION

For these reasons, Blue Shield's motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 21, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE